```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA


JIMMIE J. GAUBERT, D.D.S.,                CIVIL ACTION
A Professional Dental Corporation,
JIMMIE J. GAUBERT and
KENNETH E. ALFORTISH


VERSUS                                    NO: 10-1844


NCMIC FINANCE CORPORATION d/b/a           SECTION R(5)
PROFESSIONAL SOLUTIONS FINANCIAL
SERVICES, BRICAN AMERICA, INC., and
BRICAN AMERICA, L.L.C.
```

**ORDER AND REASONS**

In this breach of contract and unfair trade practice action, plaintiffs seek remand on the grounds that this Court lacks subject matter jurisdiction. Because the Court finds that the defendants have not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000, the Court grants plaintiffs' motion.

**I. Background**

On March 31, 2009, plaintiffs Jimmie J. Gaubert, D.D.S, a Louisiana corporation, Jimmie J. Gaubert and Kenneth E. Alfortish, Louisiana residents (collectively "Gaubert"), entered into a contract with defendants Brican America, Inc. and Brican America, LLC, a Florida corporation and limited liability company, to lease a multi-media patient information delivery

system known as the Exhibeo system.[1]  Gaubert agreed to lease Brican's Exhibeo system for $508/month for 60 months, totaling $30,480, while Brican agreed to pay advertising fees in consideration of advertisements on Gaubert's leased Exhibeo system.[2]  Brican later assigned the contract to NCMIC.[3]  Gaubert alleges that Brican engaged in fraud in the marketing and sales of the Exhibeo System and that NCMIC accepted an assignment of the agreement with knowledge of the alleged fraud.[4]  Gaubert further alleges that NCMIC waited until March 2010 to notify plaintiffs of the scheme used by Brican in inducing plaintiffs to enter the contract.[5]  Gaubert claims Brican and NCMIC are in default of the agreement for failing to pay plaintiffs the required advertising fees.[6]

On June 7, 2010, Gaubert sued Brican America, Inc., Brican America LLC and NCMIC in state court, asserting claims for breach of contract and unfair and deceptive trade practices.[7]  Gaubert's petition requests rescission of the agreement, all damages as are

---

[1]  R. Doc. 1-2 at 2.

[2]  *Id.*

[3]  *Id.*

[4]  *Id.*

[5]  *Id.*

[6]  *Id.*

[7]  *Id.* at 1-3.

reasonable in the premises, indemnification for all amounts due under the agreement, reasonable attorney fees, interest and costs, and general and equitable relief.[8] The petition does not specify the amount of damages sought.

On June 28, 2010, NCMIC, with the consent of the other defendants, removed the action to this Court asserting jurisdiction based on diversity of citizenship.[9] In response, Gaubert filed this motion to remand.[10] NCMIC filed an opposition to Gaubert's motion, asserting that the parties are diverse and the jurisdictional amount in controversy is satisfied.[11]

**II. Legal Standards**

A defendant may generally remove a state court civil action to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002). "The removing party bears the burden of establishing that federal jurisdiction exists." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citation omitted). To assess whether jurisdiction is appropriate, the Court considers "the claims in the state court

---

[8] *Id.* at 3.

[9] R. Doc. 1.

[10] R. Doc. 8.

[11] R. Doc. 10.

petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted).  "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."  *Id.* (citation omitted)  Though the Court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the court's jurisdiction is fixed as of the time of removal. 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

**III. Discussion**

    **A. Federal Question**

NCMIC's argument that Gaubert's unfair and deceptive trade practice claim raises a federal question requires little discussion.[12]  There is no private right of action under the Federal Trade Commission Act, 15 U.S. C. §§ 41-58.  *Norris v. Fairbanks Capital Corp.*, 178 F. App'x 401, 403 (5th Cir. 2006); *Fulton v. Hecht*, 580 F.2d 1243, 1248 n.2 (5th Cir. 1978).  Thus, subject matter jurisdiction cannot be based on federal question in this case.

---

[12]  *Id.* at 2.

### B. Diversity Jurisdiction

NCMIC asserts federal jurisdiction based on diversity of citizenship. 28 U.S.C. § 1332. Diversity jurisdiction exists only when the parties are citizens of different states, and the amount in controversy exceeds $75,000. *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003). Because the parties agree that there is complete diversity of citizenship, the Court need consider only whether the amount in controversy requirement is met.

When a plaintiff seeks an unspecified amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002); *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). A defendant satisfies this burden either by showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or by setting forth the facts in dispute supporting a finding that the jurisdictional amount is satisfied. *Chevron Phillips*, 309 F.3d at 868 (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). If the defendant meets its burden of showing the requisite amount in controversy, the plaintiff can defeat removal only by establishing with legal certainty that the claims

are for less than $75,000. *Id.* (citing *De Aguilar*, 47 F.3d at 1412).

In accordance with Louisiana law, Gaubert's petition does not claim a specific amount of damages. *See* La. Code Civ. Proc. Ann. Art. 893(A)(1) ("No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand."). Gaubert, however, has submitted an affidavit in support of remand, stating that "[t]he total amount contemplated by the Agreement is thus $30,480" and that "[t]he damages sought by Plaintiffs in this matter do not exceed $75,000."[13] When the amount in controversy is ambiguous, as it is here, the nonremoving party may submit such an affidavit to clarify the amount of damages sought. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) ("While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal."). The Fifth Circuit has approved this use of post-removal affidavits on the theory that they are merely evidence of the amount that was in controversy at the time of removal. *See Asociacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993) ("[I]n this case the affidavits clarify a

---

[13] R. Doc. 8 at 4.

petition that previously left the jurisdictional question ambiguous. Under those circumstances, the court is still examining the jurisdictional facts *as of the time* the case is removed, but the court is considering information submitted after removal.") (emphasis in original), *abrogated on other grounds by Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998). In *Asociacion Nacional de Pescadores*, the Fifth Circuit held that "where the following circumstances are present [the] burden [of establishing the amount in controversy] has not been met":

> (1) the complaint did not specify an amount of damages, and it was not otherwise facially apparent that the damages sought or incurred were likely above the [jurisdictional amount]; (2) the defendants offered only a conclusory statement in their notice of removal that was not based on direct knowledge about the plaintiffs' claims; and (3) the plaintiffs timely contested removal with a sworn, unrebutted affidavit indicating that the requisite amount in controversy was not present.

988 F.2d at 566. All of the *Asociacion Nacional de Pescadores* factors are present here and the only one that requires further discussion is whether defendants have rebutted plaintiffs' affidavit stating that the amount in controversy is less than $75,000. NCMIC alleges that because plaintiffs seek rescission of the contract, damages under Louisiana Unfair Trade Practices Law (UTPL) and attorney fees, the amount in controversy exceeds $75,000.

"Rescission unwinds the transaction and restores the *status quo ante*." *In re. GWI PCS 1 Inc.*, 230 F.3d 788, 796 n.14 (5th

7

Cir. 2000).  The total value of the agreement out of which Gaubert's claims arise is $30,480.  Gaubert's monthly payments to NCMIC, however, only total $4,044.51.[14]  Therefore, the total rescissionary damages recoverable by Gaubert are $4,044.51.

Gaubert also seeks damages under the UTPL.  Under the UTPL, a plaintiff may recover its actual damages.  La. Rev. Stat. Ann. § 51:1409(A).  As a preliminary matter, the petition does not identify the nature of any damage caused by the alleged UTPL violation.  Thus, the Court is unable to assess the amount of "actual damages" resulting from the alleged unfair and deceptive trade practice.

Notwithstanding the threshold issue of determining the actual damages caused by the alleged UTPL violation, NCMIC argues that because plaintiffs bring a UTPL claim, plaintiffs "are actually seeking the imposition of treble damages as well as attorneys fees."[15]  This argument does not carry the day.  Under the UTPL, "[i]f the court finds the unfair or deceptive method, act, or practice was knowingly used, after [the defendant was] put on notice by the attorney general, the court shall award three times the actual damages sustained."  *Id.*  A plaintiff who recovers damages under the UTPL is also entitled to reasonable attorney fees.  *Id.*  Here, Gaubert does not pray for treble

---

[14] *Id.*

[15] R. Doc. 10 at 4-5.

damages in his complaint, nor does he allege that Brican received notice from the attorney general that it was engaging in an unfair or deceptive method, act or practice.  Moreover, NCMIC does not assert that defendants received the requisite notice from the attorney general to trigger the availability of treble damages.  Therefore, it does not appear either facially apparent from the complaint or from any showing made by defendants that treble damages are sought or available in this case.

In addition, NCMIC has failed to provide the Court with any indication of the amount of attorney fees that would be recoverable.  The Court, therefore, has no basis to find the claim for attorney fees requires a finding that the amount in controversy has been met.  *Cf. St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (providing that a plaintiff's demand for attorney fees may be considered in ascertaining the amount in controversy).

For all of these reasons, the Court finds that NCMIC has failed to rebut plaintiffs' affidavit indicating that the amount in controversy is less than $75,000.  This case presents all of the circumstances mentioned in *Asociacion Nacional de Pescadores*.  Accordingly, the Court holds that the amount in controversy requirement is not satisfied and this case must be remanded to state court.

**C. Request for Costs, Expenses and Attorney Fees**

Plaintiffs have also moved the Court to order payment of the reasonable attorney fees, expenses and costs incurred as a result of the removal as allowed by 28 U.S.C. § 1447(c). An order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The award is within the discretion of the court, but "[a]bsent unusual circumstances, courts may award attorney fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* The Court finds that NCMIC did not act improperly in petitioning for removal of plaintiffs' claims. Plaintiffs sought a broad range of recovery under theories of breach of contract and unfair trade practices. Although NCMIC failed to carry its burden as to the amount in controversy requirement, it did not lack an objectively reasonable basis for removal. Accordingly, the Court declines to award plaintiffs the fees, expenses and costs incurred as a result of the removal.

## IV. Conclusion

For the foregoing reasons, the motion to remand is GRANTED.

New Orleans, Louisiana, this __13th__ day of October, 2010.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE